### F. B. VANDEGRIFT & CO. v. UNITED STATES.

(Circuit Court, S. D. New York. May 14, 1907.)

#### No. 4,265.

1. CUSTOMS DUTIES—REVIEW OF GENERAL APPRAISERS' DECISION—SUFFICIENCY OF PETITION.

Under Customs Administrative Act June 10, 1890. c. 407, § 15, 26 Stat. 138 [U. S. Comp. St. 1901, p. 1933], prescribing that petitions for review of decisions of the Board of General Appraisers shall contain "a concise statement of the errors of law and fact complained of," a petition alleging that imported merchandise should have been held to be covered by a certain par-

agraph of the free list of a tariff act is not sufficient when in fact the merchandise comes within another paragraph of such list.

**2. SAME—GENERAL ASSIGNMENTS OF ERROR—REFERENCE TO PROTEST.**

In making the assignments of error, on appeal from a decision of the Board of General Appraisers, under Customs Administrative Act June 10, 1890, c. 407, § 15, 26 Stat. 138 [U. S. Comp. St. 1901, p. 1933], an importer omitted from his specific assignments a reference to the provision of law under which his merchandise should have been classified, though such provision had been referred to in his protest, which was passed on by the Board; but he added a general assignment that "the protest should be sustained and the collector's decision reversed." *Held*, that said general assignment did not raise any questions additional to those raised by the specific assignments, and that it did not, by referring to the protest, have the effect of making the protest a part of the petition so as to remedy the omission of the correct contention.

**3. SAME—AMENDMENT OF PETITION.**

On appeal from a decision of the Board of General Appraisers under Customs Administrative Act June 10, 1890, c. 407, 26 Stat. 138 [U. S. Comp. St. 1901, p. 1933], in which the time for taking further evidence has expired, and which has come to trial in the Circuit Court, the assignments of error may not be amended.

On Application for Review of a Decision of the Board of United States General Appraisers.

The decision below affirmed the assessment of duty by the collector of customs at the port of New York; the opinion of the Board of General Appraisers reading as follows:

"HAY, General Appraiser. The merchandise in this case was invoiced as balata and returned by the appraiser as a nonenumerated unmanufactured article. Duty was assessed thereon at 10 per cent. ad valorem under the provisions of tariff act July 24, 1897, c. 11, § 6, 30 Stat. 205 [U. S. Comp. St. 1901, p. 1693]. The protest claims that it is exempt from duty under paragraph 470, 548, 570, 579, or 617, Free List, 30 Stat. pp. 194, 197, 198, 199 [U. S. Comp. St. 1901, pp. 1679, 1683, 1684, 1685].

"The case was submitted without testimony, and we have nothing before us but the invoice description of the merchandise in question, which does not necessarily bring it within the purview of any of the paragraphs claimed. See G. A. 6,164 (T. D. 26,751).

"The protest is overruled without affirming the decision of the collector."

Since this decision crude balata has been held free of duty under paragraph 579 of said act as crude india rubber. Earle Bros. v. United States (C. C.) 153 Fed. 773. The only question presented to the court on argument was whether the importers, owing to the terms of their petition for review of the Board's decision, were in position to have their case decided in accordance with the Earle decision. In this petition the only specific assignments of error related to provisions other than said paragraph 579. These were followed by a general assignment, reading: "(4) That the protest should be sustained and the collector's action reversed."

Counsel for the importers argued that inasmuch as their protest had contained the correct contention, their petition became sufficient by reason of its assigning "that the protest should be sustained." The government maintained the contrary, citing the decision of the Circuit Court of Appeals, First Circuit, in United States v. Brown, 127 Fed. 793, 62 C. C. A. 473, in which it was held that a general assignment of error following specific assignments should be construed with reference to the specific ones and not as raising unrelated questions, and that assignments general in form were not in compliance with the provision in section 15, customs administrative act of 1890, prescribing that petitions for review of decisions of the Board of General Appraisers shall consist of "a concise statement of the errors of law and fact complained of." It was further argued in behalf of the government that, inasmuch as the importers had based their assignment of errors on a selection of the conten-

tions made in their protest, the omission of any other contention was tanta-mount to a waiver of it.

Counsel for the importers also urged that the petition could legally be amended and the omission corrected. But the government objected that this was not permissible, as the law contains no provision for such amendment, and particularly that amendment should not be allowed after the order for further evidence under said section 15 had expired and the case had been brought to argument on the papers in their original form.

Walden & Webster (Henry J. Webster, of counsel), for importers. D. Frank Lloyd, Asst. U. S. Atty.

PLATT, District Judge.    Decision affirmed.